UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MINGYUAN YU,

             Petitioner,

v.

KRISTI NOEM et al.,

             Respondents.

_____/

Case No. 1:26-cv-889

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15–16.)

In an order entered on March 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the March 10, 2026, bond hearing on April 1, 2026. (Resp., ECF No. 6; Recording of Mar. 10, 2026, Bond Hearing, filed on Apr. 1, 2026.) Petitioner filed his reply on April 6, 2026. (ECF No. 7.)

## II.    Relevant Factual Background

Petitioner is a citizen of China who entered the United States in 2016 pursuant to an F-1 visa and remained in the United States after that visa expired. (Pet., ECF No. 1, PageID.2, 8.) On or about May 29, 2025, Petitioner was arrested by ICE. (*Id*., PageID.8.)

On January 27, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Yu v. Noem* (*Yu I*), No. 1:26-cv-292 (W.D. Mich.). In *Yu I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Yu I*, (W.D. Mich. Mar. 4, 2026), (ECF Nos. 13, 14).

On March 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) The Immigration Judge found that Petitioner had been in the United States for 9 years, that Petitioner had never missed any hearings, and that there was no evidence that Petitioner had a criminal record or had committed any immigration violations other than being in violation of his visa. (Order of the Immigration Judge, ECF No. 1-1, PageID.31.) The Immigration Judge also found that Petitioner was married to a United States citizen and that Petitioner owned a restaurant in the United States. (*Id*.) Furthermore, the Immigration Judge determined that the evidence demonstrated that Petitioner had community ties. (*Id*.) But the Immigration Judge noted that the record did not "contain a clear time-line" of where Petitioner lived within the United States, and that Petitioner's spouse did not live at the same address as Petitioner. (*Id*., PageID.31–32.) The

2

Immigration Judge further found that Petitioner's application for asylum and withholding of removal had been denied and Petitioner's request for voluntary departure had been approved, although Petitioner's appeal of those decisions remained pending. (*Id.*, PageID.32.) The Immigration Judge denied Petitioner's request for bond, stating: "Based on this record, the Court finds [Petitioner] is a flight risk[.]" (*Id.*)

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 10, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      April 13, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge